IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GERALD SMITH,**

    **Petitioner,**

    v.                              **CASE NO. 20-3166-SAC**

**PAUL SNYDER,**

    **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed by a prisoner in state custody. Petitioner proceeds pro se. Because Petitioner challenges the execution of his sentence, rather than the validity of his conviction, this petition is properly filed pursuant to 28 U.S.C. § 2241. *See Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (stating that petition under § 2241 attacks the execution of a sentence rather than its validity).

**I. Background and Claims**

Petitioner was sentenced on July 1, 2019 in the District Court in Johnson County, Kansas, to 55 months after pleading guilty to distributing marijuana and contributing to a child's misconduct. He did not appeal.

Petitioner alleges here that his sentence was not calculated correctly. Mr. Smith states he received nine days of jail credit when he met with his counselor on July 24, 2019. At that point, he had been on house arrest since October 13, 2018 and had been in custody since July 1, 2019.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an

1

opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available remedies is required for petitions brought under § 2241. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."); *see also Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005) (noting habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies, absent showing of futility). "The exhaustion of state remedies includes both administrative and state court remedies." *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002)

In the Tenth Circuit, a petitioner may satisfy the exhaustion requirement by showing either (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Bear v. Boone*, 173 F.3d 782, 785 (10th Cir. 1999) ("In order to fully exhaust state court remedies, a state's highest court must have had the opportunity to review the claim raised in the federal habeas petition."). Petitioner ultimately bears the burden of showing he has exhausted available state remedies. *See Olson v. McKune,* 9 F.3d 95, 95 (10th Cir. 1993); *see also Cooper v. McKinna*, No. 99-1437, 2000 WL 123753, at *1 (10th Cir. Feb. 2, 2000).

Mr. Smith gives no indication that he has either exhausted any administrative remedies or presented his claim to any state court. He does not allege that no state remedy is available to address his claims, and this Court cannot rule out the possibility that the Kansas courts would entertain Petitioner's claim. Thus, it is appropriate that this petition be dismissed without prejudice

to allow Petitioner to exhaust his state remedies.  *See Anderson v. Bruce,* 28 F. App'x 786, 788 (10th Cir. 2001).  <u>As the expiration of the one-year limitation period for filing an action under K.S.A. 60-1507 in the state trial court is approaching, Mr. Smith should promptly file his petition there.</u>

The rules applicable to proceedings under 28 U.S.C. § 2254 provide that the district court may apply those rules in other habeas matters.  *See*, Rules Governing Habeas Cases Under § 2254.  Rule 11 of those rules, which the Court applies in these § 2241 proceedings[1], requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the applicant.  A petitioner is entitled to a COA only upon making a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The failure to satisfy either prong requires the denial of a COA.  *Id*. at 485.

The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

---

[1] The COA requirement is applicable to these proceedings.  "A state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241, whenever 'the detention complained of [in the petition] arises out of process issued by a State court.'"  *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000)(quoting 28 U.S.C. § 2253(c)(1)).

4

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED.**

**Dated this 19th day of June, 2020, at Topeka, Kansas.**

                                                        **s/ Sam A. Crow**
                                                       **SAM A. CROW**
                                                       **U. S. Senior District Judge**